**FAN JIANG, Plaintiff–Appellant,**

v.

**David N. STILL, District Director, U.S. Citizenship & Immigration Services, Defendant–Appellee.**

**No. 07–15952.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 2008.

Filed Jan. 8, 2009.

Before: GRABER and CLIFTON, Circuit Judges, and TRAGER,* District Judge.

MEMORANDUM **

Fan Jiang ("Fan") appeals from a grant of summary judgment rejecting her claim for a declaratory judgment, holding that she is entitled to adjust her immigration status to that of a lawful permanent resident ("LPR"), despite having filed her application for adjustment after she turned 21. Fan's application was based on her mother's marriage to a United States citizen ("USC"). Fan's mother, Fengli Jiang ("Fengli"), was the beneficiary of a K–1 visa petition filed by a USC named David Washington ("David"). The K–1 visa allowed Fengli to come to the United States to marry David. Jiang applied for and received a K–2 visa, which entitled her to accompany her mother to the United States for her mother's marriage. This visa petition was approved shortly before Fan's 21st birthday.

Fan and Fengli arrived in the United States one day before Fan's 21st birthday. Fengli then married David within the time period required by law, but after Fan's 21st birthday. After Fengli's marriage, Fengli and Fan applied to adjust their status from non-immigrants with K visas to LPRs. Fengli's petition was approved, but Fan's was denied on the ground that she was over 21 years of age when Fengli and David married, making her ineligible to adjust under the mechanism provided in section 245 of the Immigration and Nationality Act ("INA").[1] 8 U.S.C. § 1255. INA § 245 is the standard statutory mechanism for adjustment to LPR status. It sets forth the general procedures for adjust-

Stuart Irwin Folinsky, Law Office of Sutart I. Folinsky, Los Angeles, CA, for Plaintiff–Appellant.

Audrey Benison Hemesath, Assistant U.S. Attorney, USSAC–Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

---

* The Honorable David G. Trager, District Court Judge, Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Central to Fan's eligibility is the question of whether she was a "child." To be classified as a child, an individual must be under the age of 21, among other requirements. INA § 101(b)(1), 8 U.S.C. § 1101(b)(1).

ment of status, but eligibility for adjustment is generally determined by other provisions of law. Because she had not yet been placed in removal proceedings, Fan brought a declaratory judgment action in district court. The district court granted summary judgment in favor of the government.

■ On appeal, Fengli claims that she may adjust using a mechanism other than INA § 245. This argument is contradicted by our recent decision in *Choin v. Mukasey,* 537 F.3d 1116 (9th Cir.2008). *Choin* held that the Immigration Marriage Fraud Amendments of 1986 "required K visaholders, like other nonimmigrants, to adjust their status through [INA] § 245." *Choin,* 537 F.3d at 1118. Accordingly, Fan's arguments that she may adjust under a channel other than INA § 245 are without merit.

■ In her opening brief, Fan not only fails to argue that she may adjust under INA § 245, but specifically says that she is *not* eligible to adjust under that section. In her reply brief, she cites an unpublished district court decision, *Verovkin v. Still,* No. C 07–3987 CW, 2007 WL 4557782 (N.D.Cal. Dec. 21, 2007), in support of a new argument that she is eligible to adjust under § 245. Whatever the merits of this argument, though, Fan has waived it by failing to present it in her opening brief. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003). However, should Fan be placed in removal proceedings, she is free to raise it at that time. Accordingly, the district court's judgment is

**AFFIRMED.**